## LEWINSON v. FRUMKES.

Circuit Court, Dade County.
November 9, 1951.

Sibley & Davis, Thomas H. Barkdull, Jr., of counsel, Miami Beach, for plaintiff.

Courshon & Courshon, Miami Beach, for defendant.

CHARLES A. CARROLL, Circuit Judge.

This cause came on to be heard before me, after due notice, on defendant's motion for a summary judgment, and the court having heard the argument of counsel and considered the pleadings and certain testimony or depositions of the plaintiff and one Will Cohen, it is ordered that the defendant's motion for summary judgment be and it is hereby granted and entered in favor of defendant.

This was an action on certain promissory notes made by Allied Construction Co., Inc. (Will Cohen, president) to the defendant Barbara Frumkes as payee and which bore her

general endorsement. Thus it appears that the plaintiff as holder after endorsement sues the payee-endorser of the notes.

The defendant interposed two defenses in her answer. In the second she pleads usury, charging that only $8,000 was received for the $10,000 face amount of the notes, and that the deal was set up to look like a negotiation of a negotiable instrument, but actually was a loan to an individual, and that her dummy position in the transaction should be ignored, etc. It is not necessary to pass on the merits of that defense as the summary judgment is granted upon a determination that the other defense, designated in the answer as the first defense, is a valid defense to the action.

Under the first defense the plaintiff says she was the employee of Will Cohen and that she signed her name on two *blank* papers (which later turned up as her signed endorsement on the two notes in question) at the request of her employer, and not knowing she was signing any notes and believing that she was signing for the purpose of *witnessing* some instrument.

On the record and evidence before me (if it is not admitted) there is certainly no dispute or conflict on the point that the defendant, Barbara Frumkes, was not the payee of the notes, that she received nothing, that she simply signed as a dummy, and that she didn't know she was endorsing promissory notes, or that she was acquiring any liability through her action. Such a defense is one which may be shown against a subsequent holder. The law is clear on that.

There is a question as to whether the defendant's act in signing the papers at her employer's request without knowing what she was doing was or might be construed to be negligence on her part to the extent that it should be considered a triable issue in the case. If that is a doubtful and triable issue, then summary judgment should not be granted, but, in my opinion, the facts do not create a substantial controversy on that point, and I do not feel that on the simple facts involved a jury would be entitled to find the defendant guilty of negligence.

The defendant's position as an employee deprived her of a certain degree of free choice when her employer asked her to sign the papers. While it is true that an employee may resist a request or even a command of an employer to sign papers if she feels that her act may be illegal or personally

injurious or unethical, there was nothing in this instance which should reasonably have prompted her to do so.

According to Cohen's deposition, he had her sign the back of the notes while they were blank and before they were filled in; he asked her to sign without offering her an opportunity to examine the documents, or the reverse side thereof, and without telling her what they were (see Cohen's deposition, pp. 7, 8, 10, 13, 14 and 20). She had worked for Cohen for some time and had been required to witness papers many times. It was a part of her duties to sign, without prior explanation, papers which needed a verification or witness signature, etc. (see Cohen's deposition, pp. 16, 20 and 21).

There is no need for this court to express its view on the propriety, or otherwise, of an employer requesting an employee to sign documents indiscriminately, signifying a witnessing of that which has not been witnessed, and the like, or to sign documents so as to fill the role of a dummy in business transactions, but in an office where that is practiced and the employee has no interest in the business itself or the result of the deal, and is used simply as a convenience and a dummy by the employer, there is no reason for the employee to suspect that he or she is being led into a live obligation or liability. Unless there is something which should indicate that result, in my opinion, there is no real question of negligence involved.